# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
―――――――――――――――――――――――――――――X

JOSEPH AMALFITANO

           Petitioners,

  v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS *in his
Official capacity as Chancellor,* and DANIEL
WEISBERG *in his official capacity as First
Deputy Chancellor.*


           Respondents

―――――――――――――――――――――――――――――X

Index No:

**VERIFIED PETITION**

**TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS**

Page **1** of **11**

PRELIMINARY STATEMENT

1. Petitioner is a tenured teacher for the DOE with an impeccable record. He received two doses of the Pfizer-BioNTech COVID-19 vaccine on July 21, 2021, and August 19, 2021, respectively. Petitioner provided Respondents with proof of his vaccination card. Nearly a year later, on April 19, 2022, the DOE spontaneously, placed Mr. Amalfitano on leave without pay. Respondents have brazenly violated Mr. Amalfitano's due process rights secured under the United States and New York State Constitutions, as well as the Education Law.

2. Petitioner commences this hybrid special proceeding on his behalf pursuant to the Civil Procedure Laws and Rules (CPLR) Articles 78, 63, and §3001 seeking the following:

    a. A declaratory judgment finding that the respondents violated Petitioner's rights pursuant to New York State Education Law (EDL) §§ 3020, 3020-a.

    b. A declaratory judgment that Respondents violated Petitioner's right to due process guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and article 1 section 6 of the New York State Constitution.

    c. A declaratory judgment that the respondents action placing Petitioner on leave without pay is null and void.

    d. A temporary restraining order and a preliminary and permanent injunction enjoining the Respondents from enforcing its determination.

    e. A temporary restraining order and a preliminary injunction re-instating Petitioner, unless, and until, Respondents lawfully commence disciplinary proceedings; and

    f. Any and all further relief as this Court deems just and proper.

3. Respondents have taken disciplinary action against Mr. Amalfitano without providing any process whatsoever in violation of the EDL and United States and New York State Constitutions. Respondents conduct is ongoing and puts Mr. Amalfitano in an untenable position, indefinitely. Petitioner will suffer irreparable harm in the absence of equitable relief.

4. Petitioner has a likelihood of success on the merits and a balancing of the equities favors Petitioner.

5. For the reasons set forth below and in the accompanying Memorandum of Law, this Court should grant Petitioner the relief sought.

SUPPORTING AFFIDAVITS AND EVIDENCE

6. In support of this petition, Petitioner submits the accompanying Memorandum of Law, dated May 17, 2022, and affidavits and exhibits annexed hereto and made a part hereof.

PARTIES

7. Petitioner, Joseph Amalfitano is a tenured teacher employed by Respondents at a school located in Queens County, New York.

8. Respondent New York City Department of Education (DOE) is a public corporation with its main office located at 65 Court Street, Brooklyn, New York 11201.

9. Respondent David Banks (Banks) is currently the Chancellor for the DOE.

10. Respondent Daniel Weisberg (Weisberg) is currently the first deputy chancellor for the DOE.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over these proceedings pursuant to CPLR article 78 as the respondents are each a "body or officer [that] [has] proceeded, is proceeding, or is about to proceed without . . . jurisdiction." CPLR §7803.2

12. This Court also has jurisdiction pursuant to CPLR §7803.3 as Respondents made a determination in violation of lawful procedure.

13. Venue is proper pursuant to CPLR §506(b).

## STATEMENT OF FACTS

14. Petitioner is employed by Respondent DOE.

15. Petitioner is a tenured teacher.

16. Petitioner resides in Nassau County, New York.

17. On or about April 19, 2022, Defendants sent Petitioner an email.

18. The email was from the DOE Division of Human Resources.

19. Respondent Weisberg oversees the Division of Human Resources (HR).

20. Defendants subsequently sent Petitioner a letter reiterating, verbatim, the content of the email (**EXHIBIT 1**).

21. The letter stated in sum and substance:

> "We have received information that the proof of vaccination that you uploaded to the DOE Portal, pursuant to the New York City Health Commissioner's Order requiring vaccination of all NYCDOE staff, was fraudulent. . . .Since we have reason to believe that you have not complied with that Order, effective Monday, April 25, 2022, **you are being placed on Leave Without Pay** with benefits until further notice. You should not report to your school/work location until after the April vacation and your school/office will be notified of this change in your status. If you believe you are receiving this notice in error, please contact DOEVaccineCompliance@schools.ny.gov." (emphasis in original).

22. Petitioner sent an email to the above address, stating that he received the email in error.

23. Petitioner received an auto generated response from Respondents (**EXHIBIT 2**).

24. Respondents have not provided any information beyond the vague letter dated April 19, 2022.

25. Respondents have not provided Petitioner with any process.

26. Pursuant to EDL §3020 no tenured teacher may be "disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in [§3020-a] . . ."

27. Pursuant to EDL §3020-a.(1) All charges against a tenured teacher "shall be in writing and filed with the clerk or secretary of the school district or employing board during the period between the actual opening and closing of the school year for which the employed is normally required to serve."

28. EDL §3020-a(2) provides Petitioner with further rights. First, the members of such board must—by a majority vote—find that probable cause "exists to bring a disciplinary proceeding against an employee." *Id.*

29. Next, if the board finds there is probable cause it must take several steps—including preparing a "written statement specifying [] the charges in detail" *id*—informing the employee of the charges and his or her rights.

30. The employee has a right to a hearing *id.*

31. Even then, if an employee is suspended pending the hearing, the employee must be provided with pay unless the employee has plead guilty to, or has been convicted of one or more felonies as specified. EDL §320-a(2)(b).

32. Petitioner has a constitutionally protected property interest in his right to continued employment which cannot be deprived without due process.

33. Petitioner has not plead guilty to any crime, and has not been convicted of any felony.

34. Petitioner has not been arrested for any offense.

35. Respondents have not even filed written charges.

36. Respondents have not complied with the legally mandated procedures required to discipline Petitioner.

37. Petitioner is a fully vaccinated, teacher in compliance with the DOE's requirements.

38. Respondents have trampled on Petitioner's statutory and Constitutional rights.

Page 6 of 11

## INJUNCTIVE RELIEF SHOULD BE GRANTED

39. To prevail on a motion for a temporary restraining order and preliminary injunction, Petitioner has the burden of establishing by clear and convincing evidence "(1) a likelihood of success on the merits, (2) irreparable injury absent granting the injunction, and (3) a balancing of the equities in [petitioners'] favor." County of Suffolk v. Givens 106 A.D.3d 943 [2d Dept, 2013]; Apa Security, Inc., v. Apa, 37 A.D.3d 502, [2d Dept, 2007]. Petitioner does not have to show a certainty of success but make a prima facie showing of reasonable probability of success *see e.g.* Barbes Rest, Inc. v ASRR Suzer 218, LLC, 140 A.D.3d 430 [2016].

40. Petitioner has demonstrated a likelihood of success on the merits. Indeed, it is difficult to discern how Respondents could possibly defend its blatant violations.

41. Petitioner will be irreparably harmed because his job status will remain unknown for an indefinite period. The school year ends within the next two months as well. Petitioner will have no ability to produce income, no job security, and an uncertain future.

42. Petitioner will be subjected to continued violations of his due process rights.

43. Petitioner's reputation suffers from continued absence as his students and other faculty surmise that Petitioner has engaged in improper conduct.

44. The balancing of the equities favor Petitioner as well as reinstating Petitioners and/or declaring the determination to be null and void will simply maintain the status quo.

### AS AND FOR THE FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT THAT RESPONDENTS VIOLATED PETITIONER'S RIGHTS PURSUANT TO EDUCATION LAW §§3020, 3020a

45. Petitioner repeats and re-alleges every allegation above as though fully set forth herein.

46. Education Law §§ 3020 and 3020-a sets forth the procedures Respondents must follow prior to disciplining a tenured teacher.

47. Respondents disciplined Petitioner in abrogation of said process.

48. Respondents have not filed charges with the board, provided Petitioner with written notice, or complied with any of the requisite legal procedures.

49. Respondents have disciplined Petitioner without just cause.

50. Petitioner continues to be harmed.

### AS AND FOR THE SECOND CAUSE OF ACTION
### -DECLARATORY JUDGMENT THAT RESPONDENTS VIOLATED PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS AND ARTICLE 1 §6 OF THE NEW YORK STATE CONSTITUTION.

51. Petitioner repeats and re-alleges every allegation above as though fully set forth herein.

52. Respondents may not deprive Petitioner of life, liberty, or property without due process of law.

53. Respondents deprived Petitioner of property without due process.

54. Respondents violated Petitioners Constitutionally guaranteed right to due process.

55. Petitioner continues to be harmed.

### AS AND FOR THE THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT THAT RESPONDENTS DETERMINATION IS NULL AND VOID

56. Petitioner repeats and re-alleges every allegation above as though fully set forth herein.

57. Respondents did not lawfully commence a disciplinary proceeding.

58. Respondents disciplined Petitioner without just cause.

59. Respondents do not have jurisdiction to discipline Petitioner since Respondents never commenced a lawful proceeding.

60. Respondents do not have authority to discipline Petitioner, or to take any adverse action against Petitioner since Respondents have proceeded unlawfully and in violation of Petitioner's rights.

61. Respondents summarily disciplined Petitioner in abrogation of his statutory and Constitutional rights.

62. The respondents action placing Petitioner on leave without pay should be declared null and void *in abinitio.*

FILED: KINGS COUNTY CLERK 05/17/2022 01:03 PM
NYSCEF DOC. NO. 1
INDEX NO. 514351/2022
RECEIVED NYSCEF: 05/17/2022

Case 1:22-cv-03224-LDH-TAM   Document 1-1   Filed 06/01/22   Page 10 of 20 PageID #: 14

Page 9 of 11

9 of 13

## AS AND FOR THE FOURTH CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
## ENJOINING RESPONDENTS FROM ENFORCING ITS DETERMINATION

63. Petitioner repeats and re-alleges every allegation above as though fully set forth herein.

64. A temporary restraining order and preliminary injunction should be granted upon a showing that (1) the petitioner is likely to succeed on the merits; (2) the petitioner will be irreparably injured absent the injunctive relief; and (3) the balance of equities weigh in the petitioner's favor.

65. Respondents should be enjoined from enforcing its determination.

66. For all the reasons set forth above, in the accompanying Memorandum of Law, and the exhibits and affirmation annexed hereto, injunctive relief is sought.

67. Petitioner has no adequate remedy at law.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
## REINSTATING PETITIONER

68. Petitioner repeats and re-alleges every allegation above as though fully set forth herein.

69. Petitioner should be reinstated unless, and until, Respondents lawfully commence a disciplinary proceeding.

70. Petitioner has no adequate remedy at law.

# CONCLUSION

WHEREFORE Petitioner respectfully requests this Court grant the following relief:

71. A declaratory judgment finding that the respondents violated Petitioner's rights pursuant to New York State Education Law (EDL) §§ 3020, 3020-a.

72. A declaratory judgment that Respondents violated Petitioner's right to due process guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and article 1 section 6 of the New York State Constitution.

73. A declaratory judgment that the respondents action placing Petitioner on leave without pay is null and void.

74. A temporary restraining order, a preliminary and permanent injunction enjoining the Respondents from enforcing its determination.

75. A temporary restraining order and a preliminary injunction re-instating Petitioner, unless, and until, Respondents lawfully commence disciplinary proceedings.

76. Any and all further relief as this Court deems just and proper.

Dated:   May 16, 2022
         Hauppauge, New York

Respectfully Submitted,

_____
CHAD J. LAVEGLIA ESQ.,
LAW OFFICE OF CHAD J. LAVEGLIA PLLC
*Attorneys for Petitioners*
350 Motor Parkway, Ste 308
Hauppauge, NY 11788
(631) 450-2468
claveglia@cjLLaw.org

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____X

JOSEPH AMALFITANO

                              Petitioners,


     -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS in his
Official capacity as Chancellor, and DANIEL
WEISBERG in his official capacity as First
Deputy Chancellor.

                              Respondents

_____x
```

## VERIFIED PETITION

**LAW OFFICE OF CHAD J. LAVEGLIA**
*Attorney for Petitioner*
350 Motor Parkway, Ste 308
Hauppauge, NY
Tel: (631) 450-2468
claveglia@cjlLaw.org

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

    Chad J. LaVeglia Esq., hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the foregoing **Petition** is not frivolous, nor frivolously presented.

Dated: Hauppauge, New York
      May 17, 2022

_____
Chad J. LaVeglia.

# LAW OFFICE OF CHAD J. LAVEGLIA

## VERIFICATION OF PETITION

STATE OF NEW YORK )
 )ss:
COUNTY OF __Nassau__ )

JOSEPH AMALFITANO being duly sworn, states that I am a Petitioner in the within proceeding. I have read the foregoing Petition and know the contents thereof. Said contents which are attributable to me are true to my knowledge, except those matters therein stated to be alleged upon information and belief and to those matters, I believe them to be true.

_____
Joseph Amalfitano
[type name]

Sworn and subscribed before me
This __17th__ day of __May__ 2022

_____
Notary Public

Aysha S. Makda
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MA6422330
Qualified in Nassau County
Commission Expires   09/20/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————X

JOSEPH AMALFITANO

                     Petitioners,

            Index No: _____

v

            **AFFIDAVIT IN SUPPORT**

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS *in his
Official capacity as Chancellor,* and DANIEL
WEISBERG *in his official capacity as First
Deputy Chancellor.*

                     Respondents
————————————————————————X

**STATE OF NEW YORK
COUNTY OF NASSAU ss:**

I, JOSEPH AMALFITANO being duly sworn, deposes and says:

1. I am a Petitioner in the above captioned matter.

2. The following is based upon my personal knowledge, except as to those allegations stated to be based on information and belief, as to which I believe them to be true.

3. I am a resident of the County of Nassau, New York.

4. I am a tenured teacher currently employed by the New York City Department of Education (DOE).

5. I received two doses of the Pfizer-BioNTech COVID-19 vaccine; one on July 21, 2021, and the second one on August 19, 2021.

6. I have worked throughout this entire school year until April 25, 2022.

1

7. On or about April 19, 2022, I received an email from the human resources department stating that I was placed on leave without pay because they had information that my vaccine card was forged.

8. I also received a letter in the mail repeating the content of the email.

9. Exhibit 1 is a fair and accurate depiction of the substance of that email.

10. I have not received any information from the DOE beyond the correspondence.

11. The DOE has not informed me of any charges.

12. The DOE has not told me what if any punishment I am facing.

13. The DOE has not informed me of my rights.

14. The DOE has not informed me of my right to a hearing.

15. The DOE has not given me any timeframe when I could return to work.

16. I am not permitted to return to work.

17. I do not understand why this is happening to me.

18. Me, and my family rely on my income.

19. Several of my students and colleagues have reached out to me asking If I am okay.

20. I believe that my students and colleagues will be left with an impression that I did something wrong; which will harm my reputation.

21. I am worried about my career, my ability to provide for my family, and my reputation.

22. The aforementioned determination violates the New York State Education Law and my rights under the United States and New York State Constitutions.

23. If this Court does not grant Petitioner's request for a preliminary injunction and other relief requested, Petitioner will be irreparably harmed.

WHEREFORE your deponent respectfully requests this Court grant the relief requested by Petitioner.

Dated: _Nassau_, County, New York
_May 17_, 2021

[signature]
_Joseph Amalfitano_
[print name]

Sworn to before me this
_17th_ day of _May_ 2022

[signature]
Notary Public

Aysha S. Makda
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MA6422330
Qualified in Nassau County
Commission Expires 09/20/2025

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————X

JOSEPH AMALFITANO

                  Petitioners,

v

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS *in his
Official capacity as Chancellor,* and DANIEL
WEISBERG *in his official capacity as First
Deputy Chancellor.*

                  Respondents
————————————————————————X

Index No.: 514351/2022

**AFFIRMATION IN
SUPPORT OF ORDER TO
SHOW CAUSE PURSUANT
TO CPLR §2217(b)**

CHAD J. LAVEGLIA, an attorney duly admitted to practice law in the Courts of the State of New York, and the managing partner of the Law Office of Chad J. LaVeglia PLLC, affirms the following under the penalties of perjury:

1. Unless otherwise indicated, the statements are made upon information and belief, the sources of which, are the papers and proceedings had herein, and publicly available documents.

2. I am the principle of the Law Office of Chad J. LaVeglia PLLC. I represent Petitioner in this matter. As such, I am fully familiar with the facts and circumstances of this action.

3. This affirmation is made in support of Petitioner's application for an ex parte Order To Show Cause pursuant to CPLR §2217(b).

4. Pursuant to 202.7(f) of the Uniform Civil Rules for the Supreme and County Courts, Petitioner will be significantly prejudiced if notice is required.

5. Petitioner has been placed on leave without pay since April 25, 2022.

6. Respondents have egregiously made the above determination in total abrogation of Petitioner's due process rights pursuant to the Education Law, Fifth and Fourteenth Amendments, and N.Y. Const. Art1, Section 6 *see* (Petition and Memorandum of Law).

7. Respondents cannot contest or justify making the determination in violation of Petitioner's due process rights and without establishing just cause.

8. Respondents have still not provided any process to Petitioner.

9. Judicial intervention is required immediately.

10. This motion was not filed immediately because of your affiant's time constraints, not Petitioner.

11. Respondents' unlawful determination has subjected Petitioner to continued, repeated harm. It is ongoing, and will continue absent this Court's intervention.

12. Your affiant has not made any prior motion or applications to this Court, or any other Court, for the relief sought herein

WHEREFORE Petitioner respectfully requests this Court permit this matter to be brought by an ex-parte Order to Show Cause.

Dated:         May 19, 2022
                  Hauppauge, New York            Respectfully submitted,


BY: _____
CHAD J. LAVEGLIA ESQ.
Law Office of Chad J. LaVeglia, PLLC
*Attorney for Plaintiff*
350 Motor Parkway, Ste No.308
Hauppauge, New York 11788
(631) 450-2468