# EXHIBIT B

PRESENT: HON. Consuelo Mallafre Melendez

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————X

JOSEPH AMALFITANO

          Petitioners,

 v

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS *in his
Official capacity as Chancellor,* and DANIEL
WEISBERG *in his official capacity as First
Deputy Chancellor.*

DECJ/P

          Respondents

————————————————————————X

At an IAS Part 72 of The NYS Supreme Court, held in and for the County of KINGS on the 20th day of May 2022

**ORDER TO SHOW CAUSE**

Index No: 514351/2022

  **UPON** reading and filing of the annexed Verified Petition of Petitioners herein, dated May 16, 2022, the Affirmation of Chad J. LaVeglia Esq., dated May 16, 2022, the annexed Exhibits and affidavits, Petitioners' Memorandum of Law submitted concurrently with this Order to Show Cause, dated May 16, 2022, and all other papers and proceedings submitted herein.

  **LET** the above named Respondents, or their attorneys, show cause before this Court, at the Kings County Supreme Court, 360 Adams Street, Room 461 Part 20 Brooklyn New York 11201 on the 8th day of JUNE 2022 at 9:30 a.m., or as or virtually by microsoft teams as directed by court part soon as possible thereafter counsel can be heard, why an Order should not be entered into pursuant to Article 78 and Article 63 of the New York Civil Practice Law and Rules ("CPLR"), sections 3020 and 3020-a of the Education Law, and the Fifth and Fourteenth Amendments and NY Const. Art 1 §6, and as otherwise set forth in the Verified Petition, and elsewhere

in the Memorandum of Law, granting the relief therein requested by Petitioners.

**SUFFICIENT CAUSE HAVING BEEN SHOWN,** it is hereby:

LET, that the Respondents show cause before this Court on the above date and time why a judgment should not be granted pursuant to Articles 78 and 63 of the CPLR:

1. A declaratory judgment finding that the respondents violated Petitioner's rights pursuant to New York State Education Law (EDL) §§ 3020, 3020-a.

2. A declaratory judgment that Respondents violated Petitioner's right to due process guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and article 1 section 6 of the New York State Constitution.

3. A declaratory judgment that the respondents action placing Petitioner on leave without pay is null and void.

4. A temporary restraining order and a preliminary injunction enjoining the Respondents from enforcing its determination.

5. A temporary restraining order and a preliminary injunction re-instating Petitioner, unless, and until, Respondents lawfully commence disciplinary proceedings.

**LET,** that personal service of a copy of this Order to Show Cause and the papers on which it is granted on or before the __27th__ day of __MAY__, 20 __22__ shall be made upon the Respondents and be deemed good and sufficient service.

~~Dated:~~   ENTERED:

_____
J.S.C. Hon. Consuelo Mallafre Melendez

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
———————————————————————X

JOSEPH AMALFITANO

Index No.: /2022

Petitioners,

v

NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID BANKS *in his Official capacity as Chancellor,* and DANIEL WEISBERG *in his official capacity as First Deputy Chancellor.*

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE <u>PURSUANT TO CPLR §2217(b)</u>**

Respondents

———————————————————————X

CHAD J. LAVEGLIA, an attorney duly admitted to practice law in the Courts of the State of New York, and the managing partner of the Law Office of Chad J. LaVeglia PLLC, affirms the following under the penalties of perjury:

1. Unless otherwise indicated, the statements are made upon information and belief, the sources of which, are the papers and proceedings had herein, and publicly available documents.

2. I am the principle of the Law Office of Chad J. LaVeglia PLLC. I represent Petitioners in this matter. As such, I am fully familiar with the facts and circumstances of this action.

3. This affirmation is made in support of Petitioners application for an ex parte Order To Show Cause pursuant to CPLR §2217(b).

4. Your affiant has not made any prior motion or applications to this Court, or any other Court, for the relief sought herein

WHEREFORE Petitioners respectfully request his Court permit this matter to be brought by Order to Show Cause.

Dated:    May 17, 2022
          Hauppauge, New York         Respectfully submitted,

BY: _____
CHAD J. LAVEGLIA ESQ.
Law Office of Chad J. LaVeglia, PLLC
*Attorney for Plaintiff*
350 Motor Parkway, Ste No.308
Hauppauge, New York 11788
(631) 450-2468



JOSEPH AMALFITANO

April 19, 2022

JOSEPH AMALFITANO
TEACHER
Employee ID:

Dear JOSEPH AMALFITANO,

We have received information that the proof of vaccination that you uploaded to the DOE Vaccine Portal, pursuant to the New York City Health Commissioner's Order requiring vaccination of all NYCDOE staff, was fraudulent. Compliance with that Order is a condition of NYCDOE employment. Since we have reason to believe that you have not complied with that Order, effective Monday, April 25, 2022, **you are being placed on Leave Without Pay** with benefits until further notice. You should not report to your school/work location after the April vacation and your school/office will be notified of this change in your status.

If you believe you are receiving this notice in error, please contact DOEVaccineCompliance@schools.nyc.gov.

Sincerely,

NYCDOE Division of Human Resources

Your Email Regarding Important Changes to Your Employment Status



**Division of Human Resources**  Apr 25

We are in receipt of your email. The information you submitted is being reviewed. As stated, you have been placed on leave without pay with benefits effective today, April 25, 2022, and cannot report to a DOE work site until further notice.

Sincerely,

NYCDOE Division of Human Resources



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (rev. 02/01/2022)

Supreme COURT, COUNTY OF Kings

Index No: _____    Date Index Issued: _____

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Joseph Amalfitano

Plaintiff(s)/Petitioner(s)

-against-

New York City Department of Education, David Banks in his Official capacity as Chancellor, Daniel Weisberg in his official capacity as First Deputy Chancellor

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:**   Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration   [see *NOTE* in **COMMERCIAL** section]
- ☒ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify):   ☐ Initial   ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ☐ Contested
  *NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.*

**REAL PROPERTY**   Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*
- ☐ Partition
  *NOTE: Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.*
- ☐ Tax Certiorari (specify):   Section: _____   Block: _____   Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ☐ Notice of Motion   Relief Requested: _____   Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: _____
- ☒ Order to Show Cause   Relief Requested: Injunction/Restraining Order   Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Amalfitano, Joseph<br><br>Role(s): Plaintiff/Petitioner | CHAD LAVEGLIA, Law Office of Chad J. LaVeglia PLLC, 350 Motor Pkwy Ste 308, Hauppauge, NY 11788, claveglia@cjllaw.org | ☐ YES ☒ NO | |
| ☒ | Name: New York City Department of Education<br>Role(s): Defendant/Respondent | 65 Court Street, Brooklyn, NY 11201 | ☐ YES ☒ NO | |
| ☒ | Name: Banks, David<br><br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: Weisberg, Daniel<br><br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 05/17/2022

CHAD JACKSON LAVEGLIA
Signature

4985115
Attorney Registration Number

CHAD JACKSON LAVEGLIA
Print Name

*This form was generated by NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————X

JOSEPH AMALFITANO

        Petitioners,

 v

NEW YORK CITY DEPARTMENT OF
EDUCATION, DAVID BANKS *in his
Official capacity as Chancellor,* and DANIEL
WEISBERG *in his official capacity as First
Deputy Chancellor.*

        Respondents

————————————————————X

**ORAL ARGUMENT
REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S VERIFIED
PETITION AND MOTION FOR DECLARATORY AND INJUNCTIVE
RELIEF**

CHAD J LAVEGLIA ESQ.
LAW OFFICE OF CHAD J. LAVEGLIA PLLC.
Attorney for Petitioners
350 Motor Parkway, Ste #308
Hauppauge, New York 11788
(631) 450-2468
claveglia@cjLLaw.org

Page **1** of **9**

## Table of Contents

ARGUMENT ............................................................................................................... 3

RESPONDENTS VIOLATED PETITIONER'S RIGHTS PURSUANT TO NEW YORK STATE EDUCATION LAW §§3020, 3020-a. ........................................................ 3

RESPONDENTS VIOLATED PETITIONER'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND ARTICLE 1 SECTION 6 OF THE NEW YORK STATE CONSTITUTION. ................................................................. 5

THIS COURT SHOULD DECLARE RESPONDENTS DISCIPLINARY ACTION TO BE NULL AND VOID AND PETITIONER SHOULD BE REINSTATED ................. 6

THIS COURT SHOULD GRANT INJUNCTIVE RELIEF ........................................ 6

   A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED BECAUSE PETITIONER WILL LIKELY SUCCEED ON THE MERITS .................................................................................................................... 6

   PETITIONER WILL BE IRREPARABLY HARMED ............................................ 7

   THE BALANCING OF THE EQUITIES FAVOR PETITIONER ............................. 7

   RESPONDENTS SHOULD BE ENJOINED FROM ENFORCING ITS DETERMINATION AND PETITIONER SHOULD BE REINSTATED ................. 8

CONCLUSION ........................................................................................................... 8

Cases

Apa Security, Inc., v. Apa, 37 A.D.3d 502, [2d Dept, 2007] ........................................ 6

Barbes Rest, Inc. v ASRR Suzer 218, LLC, 140 A.D.3d 430 [2016] ............................ 6

County of Suffolk v. Givens 106 A.D.3d 943 [2d Dept, 2013] ..................................... 6

Green v. Department of Education of City of New York, 16 F.4th 1070 [2d Cir. 2021]
  ........................................................................................................................... 3, 7

Holt v Bd. of Ed. of Webutuck Cent. School Dist., 52 NY2d 625, 632 [1981] .............. 5

Murphy v. City of Rochester, 986 F.Supp.2d 257, [WD, N.Y., 2013] .......................... 5

Tebordo v. Cold Spring Harbor Cent. School Dist., 126 A.D.2d 542 [2d Dept. 1987] . 5

Statutes

CPLR article 7803.3.................................................................................................. 6

Constitutional Provisions

Fifth Amendment...................................................................................................... 5

Fourteenth Amendment ........................................................................................... 5

Education Law

§3020-a (2).............................................................................................................. 4

§3020-a(1).............................................................................................................. 4

3020-a ..................................................................................................................... 5

**ARGUMENT**

**RESPONDENTS VIOLATED PETITIONER'S RIGHTS PURSUANT TO NEW YORK STATE EDUCATION LAW §§3020, 3020-a.**

Respondents did not lawfully provide Petitioner with due process under the Education Law (EDL) *see* <u>Green v. Department of Education of City of New York</u>, 16 F.4th 1070, 1077 [2d Cir. 2021] (stating that EDL §3020-a provides greater due process protection than that required under the United States Constitution). Pursuant to EDL §3020 no tenured teacher may be "disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in [§3020-a] . . ." Further, "All charges against a person enjoying the benefits of tenure…shall be in writing and filed with the clerk or secretary of the school district or employing board during the period between the actual opening and closing

Page **3** of **9**

of the school year for which the employed is normally required to serve." EDL §3020-a(1).

Thus, Respondents are first required to file charges. Respondents have not filed charges here. As such, Respondent's summary discipline is null. This Court need not inquire further since Respondents cannot bypass the first step to get to the second. For the sake of completeness however, Respondents violated additional rights conferred upon Petitioner.

Second, Once charges are filed, the employing board must be notified. Then, "[w]ithin five days after receipt of charges, the employing board, in executive session, shall determine, by a vote of a majority of all the members of such board, whether probable cause exists to bring a disciplinary proceeding against an employee. . ." EDL §3020-a (2). Third, if the board votes in favor of a finding of probable cause, then it must prepare "a written statement specifying (i) the charges in detail, (ii) the maximum penalty which will be imposed by the board if the employee does not request a hearing or that will be sought by the board if the employee is found guilty of the charges after a hearing and (iii) the employee's rights . . . shall be immediately forwarded to the accused employee *id*.

Here, Respondents blatantly, and egregiously violated Petitioner's procedural due process rights. Respondents did not file charges. Respondents did not notify the employing board and did not provide Petitioner with notice of any sort. In addition, Respondents did not hold a hearing. Respondents just summarily disciplined Petitioner, without just cause, by placing Petitioner on leave without pay.

Respondents therefore violated Petitioner's statutory procedural due process rights pursuant to EDL §§ 3020, 3020-a *see* Tebordo v. Cold Spring Harbor Cent. School Dist., 126 A.D.2d 542, 543 [2d Dept. 1987] (holding that under EDL §3020-a tenured teachers are entitled to due process and hearing "prior to the imposition of a reprimand, a fine, suspension for a fixed time without pay, or dismissal").

Indeed, Respondents circumvented the legal framework entirely. Respondents can only discipline Petitioner through the procedures set forth in EDL §3020-a *see* Tebordo *i.d.* at 542 (holding that EDL §3020-a "provides the exclusive method of discipling a tenured teacher in New York State").

**RESPONDENTS VIOLATED PETITIONER'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND ARTICLE 1 SECTION 6 OF THE NEW YORK STATE CONSTITUTION.**

New York's due process clause mirrors its federal counterparts. Pursuant to the Fifth and Fourteenth Amendments "no person may be deprived of life, liberty, or property without reasonable notice and an opportunity to be heard." Karpova v. Snow, 497 F.3d 262, 270 [2d Cir. 2007]. Further, EDL §§3020 3020-a provide Petitioner, as a tenured teacher, with a constitutionally protected property interest in the right to continued employment. Murphy v. City of Rochester, 986 F.Supp.2d 257, [WD, N.Y., 2013]. Respondents cannot deprive Petitioner of these rights without due process of law *i.d. see also* Holt v Bd. of Ed. of Webutuck Cent. School Dist., 52 NY2d 625, 632 [1981]. Again, Respondents did not file charge or provide Petitioner with notice or a hearing *contra* Murphy, *i.d.* (finding that a tenured teacher was provided with procedural due process where the employee received written notice of

the charges, and elected to have a hearing which spanned eighteen days of testimony). Accordingly, Respondents violated Petitioner's due process rights under the Fifth and Fourteenth Amendments as well as NY Const. art 1, §6.

### THIS COURT SHOULD DECLARE RESPONDENTS DISCIPLINARY ACTION TO BE NULL AND VOID AND PETITIONER SHOULD BE REINSTATED

Because Respondents disciplined Petitioner in violation of Petitioner's statutory and Constitutional rights to due process of law, the determination to place Petitioner on leave without pay should be declared null and void from the outset. Pursuant to CPLR article 7803.3, Respondents made a determination in violation of lawful procedure. Petitioner's status should be restored to what it was prior to the determination.

### THIS COURT SHOULD GRANT INJUNCTIVE RELIEF

### A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED BECAUSE PETITIONER WILL LIKELY SUCCEED ON THE MERITS

To prevail on a motion for a temporary restraining order and preliminary injunction, Petitioner has the burden of establishing by clear and convincing evidence "(1) a likelihood of success on the merits, (2) irreparable injury absent granting the injunction, and (3) a balancing of the equities in [petitioners'] favor." County of Suffolk v. Givens 106 A.D.3d 943 [2d Dept, 2013]; Apa Security, Inc., v. Apa, 37 A.D.3d 502, [2d Dept, 2007]. Petitioner does not have to show a certainty of success but make a prima facie showing of reasonable probability of success *see e.g.* Barbes Rest, Inc. v ASRR Suzer 218, LLC, 140 A.D.3d 430 [2016].

Page **6** of **9**

Here, Petitioner has shown that Respondents have violated Petitioner's due process rights at every turn. Respondents have illegally and unconstitutionally violated Petitioner's rights. In short, Respondents did nothing right. It is hard to fathom a circumstance in which Petitioner will not prevail.

## PETITIONER WILL BE IRREPARABLY HARMED

The deprivation of Petitioner's due process rights satisfies the irreparable harm requirement on its own *C.f.* <u>Green Haven Prison Preparative Mtg. of Religious Socy. of Friends v New York State Dept. of Corrections and Community Supervision</u>, 16 F.4th 67, 80 [2d Cir 2021] (holding that the violation of first amendments rights for even a minimal amount of tie unquestionably constitutes irreparable injury).

In addition, Petitioner does not know the nature of the charges, or when/if at all he will return to work. Petitioner will have no ability to produce income, no job security, and an uncertain future; left in the hands of an unknown department in the country's biggest school district. Petitioner's fate will be stuck in bureaucratic purgatory indefinitely. Moreover, Petitioner's reputation suffers from continued absence as his students and other faculty surmise that Petitioner has engaged in improper conduct. Even worse, Petitioner did not fill out the vaccination card. The employee administering it did. Thus, based on the little information Petitioner obtained, it seems untenable to accuse him of something he had no control over.

## THE BALANCING OF THE EQUITIES FAVOR PETITIONER

Page **7** of **9**

Petitioner had worked for the DOE this entire school year. Granting injunctive relief here will simply maintain the status quo. Further, the harm caused by Respondent's deprivation of Petitioner's due process rights significantly shifts the scale in Petitioner's favor. Respondents on the other hand, lose nothing. Petitioner would continue to work in the same capacity as he had been all year. Further, Respondents have no equitable basis to keep Petitioner out of work and off the payroll without just cause.

### RESPONDENTS SHOULD BE ENJOINED FROM ENFORCING ITS DETERMINATION AND PETITIONER SHOULD BE REINSTATED

This Court should enjoin Respondents from enforcing the determination since it was made in abrogation of the law and Constitutions. In addition, this Court should require Respondents to reinstate Petitioner. Should Respondents decide to institute disciplinary action, this Court should require it to lawfully commence a proceeding.

### CONCLUSION

WHEREFORE for all the reasons set forth herein, the Verified Petition, exhibits and accompanying documents this Court should grant the Petitioner the following relief:

1. A declaratory judgment finding that the respondents violated Petitioner's rights pursuant to New York State Education Law (EDL) §§ 3020, 3020-a.

2. A declaratory judgment that Respondents violated Petitioner's right to due process guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and article 1 section 6 of the New York State Constitution.

3. A declaratory judgment that the respondents action placing Petitioner on leave without pay is null and void.

4. A temporary restraining order and a preliminary and permanent injunction enjoining the Respondents from enforcing its determination; and

5. A temporary restraining order and a preliminary injunction re-instating Petitioner, unless, and until, Respondents lawfully commence disciplinary proceedings.

6. Any and all further relief as this Court deems just and proper.

Dated: May 16, 2022
Hauppauge, New York

Respectfully Submitted,

_____
CHAD J. LAVEGLIA ESQ.,
LAW OFFICE OF CHAD J. LAVEGLIA PLLC
*Attorneys for Petitioners*
350 Motor Parkway, Ste 308
Hauppauge, NY 11788
(631) 450-2468
claveglia@cjLLaw.org