

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | KIMBERLY R. KARSEBOOM<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(212) 356-1654<br>kkarsebo@law.nyc.gov |

July 14, 2022

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Joseph Amalfitano v. New York City Department of Education, et al</u>
               Case No. 22-cv-03224 (LDH)

Dear Judge Hall:

        I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants New York City Department of Education, Chancellor David Banks, and Deputy Chancellor Daniel Weisberg ("Defendants") in the above-referenced matter. Defendants write to respectfully request a pre-motion conference concerning their anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 12.

**A.**    <u>**Background**</u>

        Plaintiff was employed as a teacher with the New York City Department of Education when he was put on Leave Without Pay for providing fraudulent proof of vaccination effective April 25, 2022 by letter dated April 19, 2022. Plaintiff filed this Petition and Order to Show Cause in Kings County Supreme Court on May 17, 2022, which Defendants timely removed to the Eastern District of New York on June 2, 2022. Dkt. No. 1.

        Plaintiff's Petition seeks the following: (1) a declaratory judgment finding that the Defendants violated Plaintiff's rights pursuant to New York State Education Law §§ 3020, 3020-a; (2) a declaratory judgment finding that Defendants violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1 Section 6 of the New York State Constitution; (3) a declaratory judgment finding that the Defendants' action placing Plaintiff on LWOP is null and void; (4) a temporary restraining order and preliminary and permanent injunction enjoining Defendants from enforcing its determination; and (5) a TRO and preliminary injunction reinstating Plaintiff until Defendants lawfully commence disciplinary proceedings.

**B.**    <u>**Plaintiff's claims against the Defendants should be dismissed**</u>

    *(i)*    ***Vaccine Mandates for City employees are lawful and valid.***

On August 24, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a lawful order requiring all DOE employees to show proof of at least one dose of vaccination against COVID-19 by October 1, 2021 (hereinafter "DOE Order"). See DOE Order at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-3.pdf (last accessed June 21, 2022).

On October 20, 2021, Commissioner Chokshi, issued an Order requiring all City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021, (hereinafter "City Order").[1]

Since September 2021, there have been nearly a dozen lawsuits commenced in state and federal courts challenging the validity of the City and DOE Orders. All of these challenges have included requests for preliminary injunctions and all have been rejected. See, e.g., Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio, et al., Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.)(City Order); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty) (City Order); In the matter of the Application of Correction Officers' Benevolent Association, Inc v. City of New York, Index No. 161034/2021 (N.Y. Sup, N.Y. Cnty) (City Order); Maniscalco v. N.Y. City Dept. of Educ., No. 21Civ.5055 (E.D.N.Y.) (BMC) (DOE Order); Kane v. de Blasio, 21 Civ. 7863 (S.D.N.Y.) (VEC) (DOE Order); Keil v. The City of New York, et al., 21 Civ. 8773 (SDNY)(VEC) (DOE Order); The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) (DOE Order); Marciano v. De Blasio, No. 21-cv-10752 (JSR) (S.D.N.Y.)(City Order). Thus, it is clear that the vaccine mandate is valid and lawful.

*(ii)    Plaintiff's claim that the Defendants violated Plaintiff's due process rights is without merit as being vaccinated is a condition of employment.*

Most recently, Hon. Judy H. Kim, denied motions for a temporary restraining order and preliminary injunction filed by several dozen labor unions, including the very same union representing Plaintiff herein, seeking to enjoin the terminations of City and DOE employees based on their failure to comply with the City and DOE Orders. See N.Y.C. Mun. Labor Comm. v. City of N.Y., 2022 NY Slip Op 22121 (Apr. 21, 2022 N. Y. Sup. Ct.).

In denying these motions, with respect to irreparable harm, Judge Kim held that "[w]hile the Court does not minimize the harm inherent in the loss of one's job, it is well-settled that such a loss is 'compensable by money damages and reinstatement to said employment' and therefore is not, as a matter of law, irreparable." Id. at ¶ 4 quoting New York City Mun. Labor Comm. v City of New York, 156 N.Y.S.3d 681 (Sup Ct, New York County 2021).

On the likelihood of success prong, Judge Kim found that based on the below-discussed decisions which hold that "the vaccination mandate in the DOE Order and City Order creates a condition of employment, making compliance with the statutory procedures proposed by plaintiffs prior to termination inappropriate and unnecessary," the Plaintiffs in .Y.C. Mun. Labor Comm. failed to demonstrate a likelihood of success on the merits. Id. Similarly, each prior

---

[1] As noted in the City Order, due to a staff shortage in Department of Correction ('DOC") facilities, the vaccination requirement for DOC uniformed personnel not assigned to posts in healthcare settings was delayed until December 1, 2021.

application for injunctive relief has claimed that termination as a result of non-compliance with the City or DOE Order constitutes irreparable harm. Again, this argument has been rejected in every challenge to the Orders.

In addition to being lawful and enforceable, the DOE Order also creates a condition of employment for DOE employees, including Petitioners' members, to be vaccinated. The DOE, consistent with its obligation to provide a safe workplace, and in compliance with the lawful DOE Order, cannot permit unvaccinated employees, absent exemption or accommodation required by law, to perform work for the DOE.

On this point, recent caselaw has uniformly held that the DOE and City Orders creates a "condition of employment" for employees. See Garland v. N.Y.C. Fire Dep't, No. 21 CV 6586 (KAM)(CLP), 2021 U.S. Dist. LEXIS 233142 at * 14 (E.D.N.Y. Dec. 6, 2021); see also Broecker v. N.Y.C. Dep't of Educ., No. 21-CV-6387(KAM)(LRM), 2022 U.S. Dist. LEXIS 25104, at *22 (E.D.N.Y. Feb. 11, 2022)(holding that the DOE Order created a "lawful condition of employment."); Marciano v. De Blasio, No. 21-cv-10752 (JSR), 2022 U.S. Dist. LEXIS 41151, at *25-26 (S.D.N.Y. Mar. 8, 2022)(City Order created a "condition of employment" for City employees and that "the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the [applicable] disciplinary procedures.").

Likewise, New York state courts have recently issued decisions on this exact issue in connection with three Article 78 proceedings filed by tenured teachers who failed to comply with the DOE Order and were challenging their placement on leave without pay ("LWOP") as contended "constructive terminations" without due process. See O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op. 30173(U), ¶ 3 (N.Y. Sup. Ct. Jan. 20, 2022); Lanzer v. DOE, et al., Index No. 160017/2021 (N.Y. Sup., N.Y. Cnty)(denying the petition and holding that petitioner is not entitled to a hearing under § 3020-a in advance of her placement on LWOP and/or termination because those employment actions are not a "disciplinary consequence" of the petitioner's failure to comply with the DOE Order); Romero v. DOE, et al., Index No. 160353/2021 (N.Y. Sup., N.Y. Cnty)(same).

Here, in April 2022, DOE received information that Plaintiff's vaccine card was fraudulent. Plaintiff was thus put on LWOP effective April 25, 2022 for failure to satisfy a condition of employment as held by multiple courts.

I thank the Court for consideration of this matter.

Respectfully submitted,

By:

ECF:          *Kimberly R. Karseboom*
              Kimberly R. Karseboom
              Assistant Corporation Counsel