

# LAW OFFICE OF CHAD J. LAVEGLIA PLLC

July 17, 2022

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Joseph Amalfitano v. New York City Department of Education, et al
            Docket No.: 22-cv-03224-LDH-TAM
            Petitioner's letter requesting a pre-motion conference and opposing
            Respondent's arguments.

Dear Judge Hall:

    Respondents have not filed a 56.1 statement in accordance with III (A) (6)[b] of this Court's rules and Local Civil Rule 56.1. Petitioner does not consent to Respondents exclusion of a 56.1 statement nor concedes material allegations of fact set forth in Respondents letter dated July 14, 2022. Rather, Plaintiff provides the following synopsis of arguments to aid the Court—to the extent possible—given the circumstances. Petitioners first provide a summary of their arguments in opposition and then turn to arguments in support of a pre-motion conference.

    **A. Respondents admit to depriving Mr. Amalfitano of property in abrogation of the New York State Education Law and Due Process Clause.**

    Respondents' first sentence admits the exact conduct that violates the Due Process Clause and the New York State Education Law (EDL). Respondents state "Plaintiff was employed as a teacher with the New York City Department of Education when **he was put on Leave Without Pay for providing fraudulent proof of vaccination** effective April 25, 2022 by letter dated April 19, 2022"(section A p.1)(emphasis added). As an initial matter, Mr. Amalfitano was fully vaccinated as of July 21, 2021, and provided proof of vaccination as required (*see* Joseph Amalfitano's Affidavit in Support).[1] This is not relevant to the controversy before this Court however. The sole, dispositive, uncontroverted fact here is that Respondents summarily determined that Petitioner's vaccination card was fraudulent and immediately placed Petitioner on leave without pay (*see* Exhibit 1: letter placing Petitioner on leave without pay)[2]. Respondents actions are patently unlawful and unconstitutional since they are in contravention of the process that is due under Education law §3020-a and a finding of just cause under EDL §3020.

---

[1] NYSCEF Doc #3
[2] NYSCEF Doc #6

N.Y. Const. Art I §6 provides that no person shall be deprived of life, liberty or property without due process of law. Petitioner has a property right to continued employment *see Murphy v. City of Rochester,* 986 F.Supp.2d 257, [WD, N.Y., 2013] (holding that tenured teachers in New York have a property right in continued employment), *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 [1985] (finding that teacher had a property interest in continued employment). Respondents deprived Petitioner of property by placing him on leave without pay *see Tebordo v. Cold Spring Harbor Cent. School Dist.,* 126 A.D.2d 542, 543 [2d Dept. 1987](implicitly acknowledging that the imposition of a fine, suspension, or dismissal constitutes a deprivation of property); *see also* EDL §3020-a[4][a] (hearing officer may impose penalty of leave without pay after adversarial hearing). And Respondents deprived Petitioner of property without due process of law *see Green v. Department of Education of City of New York,* 16 F.4th 1070, 1077 [2d Cir. 2021] (stating that procedures outlined in EDL §3020-a provide greater due process protections than what is due under the United States Constitution), *Loudermill i.d.* 470 U.S. 532, 546 [1985] (declaring that the Due Process Clause entitled a tenured teacher—at a minimum—to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story")

### B. New York Education Law §3020-a is the exclusive method of disciplining a tenured teacher and Respondents skipped the entire process.

EDL §3020-a "provides the exclusive method of discipling a tenured teacher in New York State. *Tebordo i.d.* at 542. Absent exceptions not applicable here, EDL §3020 provides that a tenured teacher cannot be disciplined or removed "except for just cause and in accordance with the procedures specified in [EDL §3020-a]." Mr. Amalfitano is a tenured teacher (*see* [Joseph Amalfitano's Affidavit in Support](#)). Respondents did not file charges (*see* EDL §3020-a[1]), no employing board determined by a majority vote that probable cause existed to bring a disciplinary proceeding (*see i.d.* [2][a]). Respondents did not notify Petitioner in writing of the charges in detail (*see i.d.* [i]), the maximum penalty the board would impose or seek after a hearing (*see i.d.* [ii]) and Petitioner's rights (*see i.d.* [iii]); including, the right to a full-blown adversarial hearing (*see* EDL §3020-a[3][a]). Respondents concluded guilt and imposed punishment behind closed doors (*see* [Petition](#) and [Affidavit](#))[3].

### C. Respondents assert claims or defenses that completely lack a lawful basis.

The cases cited by Respondents and the accompanying averments are misleading and inapplicable. For instance, section B(i) encompasses cases to support the proposition that "Vaccine Mandates for City employees are lawful and valid." Petitioner is clearly not challenging the NYC Vaccine Mandate (*see* [Petition](#) and [Memorandum of Law](#))[4]. Respondents synopsis contained in section B(ii) under the heading "Plaintiff's claim that the Defendants violated Plaintiff's due process rights is without merit as being vaccinated is a condition of employment" is even more egregious.

---

[3] NYSCEF Docs # 1 and 3 respectively.
[4] NYSCEF Docs # 1 and 5 respectively.

2

Respondents do not cite a single case that is applicable here. Every case—beginning with N.Y.C. Mun. Labor Comm. v. City of N.Y., 2022 NY Slip Op 22121 (Apr. 21, 2022 N. Y. Sup. Ct.)[5]—cited by Respondents revolves around unvaccinated City workers who were terminated in 2021 for not complying with the NYC Vaccine Mandate. The City workers challenged the legality of placement on leave without pay or termination, for failing to comply with the Mandate. These City workers conceded they did not get vaccinated, and Respondents did not endow themselves as judge and jury. Here, in stark contrast, Petitioner uploaded proof of vaccination as required. He maintains that he did comply with the Mandate. To the extent that Respondents believe otherwise, they must prove guilt through the process set forth in EDL §3020 and 3020-a *contra Moogan v. NY State Dep't of Health,* 8 A.D.3d 68 [1st Dept, 2004] (holding that tenured employee was not entitled to a disciplinary hearing where there were no factual issues to be determined). It is axiomatic, that Respondents cannot first conclude that Petitioner is guilty, to support depriving him of the very process in which the respondents have the burden to prove his guilt. This is roughly analogous to a judge nullifying the procedural rights of a criminal defendant because the judge thinks the defendant is guilty.

### D. Respondents improperly removed this matter and Petitioners will seek remand to State Court.

This action belongs in State Court. The Fifth Amendment is not applicable, and Petitioner improperly included it in the pleadings. Petitioner does not assert independent claims in which this Court has subject matter jurisdiction (*see* [Petition](#)). Petitioner's due process claim referenced the Fourteenth Amendment as a matter of practice—not substance. Petitioner's causes of action rest squarely on N.Y. Const. art I §6 and the EDL. Indeed, the due process protections in New York are greater than under the Fourteenth Amendment *see Green v. Department of Education of City of New York,* 16 F.4th 1070, 1077 [2d Cir. 2021]. Further, Petitioner would amend the Petition to exclude the Fifth and Fourteenth Amendment from all causes of action. Finally, this Court cannot exercise supplemental jurisdiction over an article 78 proceeding *see Cartagena v. City of New York,* 257 F.Supp.2d 708 [S.D.N.Y. 2003].

### E. Alternatively, This Court should proceed pursuant to Fed. R. Civ. P Rule 57.

Petitioner's commenced this action by [Order to Show Cause](#)[6] seeking declaratory and injunctive relief. In essence, this action is implicitly like a motion for judgment on the pleadings. Further, Respondents conflate Rule 12 with Rule 56. Thus, they have not properly asserted a basis for summary judgment. In addition, permitting the respondents to move for summary judgment would convolute the simple issue presented here and Respondents have no legal basis. Finally, Respondents have still failed to serve an answer or any responsive pleadings.

Thank you.

Respectfully Submitted ,

_____
By: Chad J. Laveglia Esq.,
Law Office of Chad J. LaVeglia PLLC

---

[5] *See* pages 2-3 in Respondent's letter.
[6] NYSCEF Doc #5